**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAJU OBASAJU,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **vs.** | § | |
| | § | |
| **FIRST ENTERTAINMENT CREDIT** | § | |
| **UNION and EQUIFAX** | § | |
| **INFORMATION SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant First Entertainment Credit Union ("FECU") files this Notice of Removal pursuant to 28 U.S.C. § 1441, and respectfully shows the following:

## INTRODUCTION

1.      Plaintiff's lawsuit is removable to this Court pursuant to 28 U.S.C. § 1441(a) because Plaintiff raises a federal question. Plaintiff's right to relief is created by federal law. Pursuant to 28 U.S.C. § 1331, this Court would have original jurisdiction over this action.

## REMOVAL GROUNDS

2.      Plaintiff filed her original petition in the 298th Judicial District Court of Dallas County, Texas, Cause No. DC-22-08139 on or about July 15, 2022. Plaintiff seeks relief solely under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. FECU was served with Plaintiff's lawsuit, and first received actually notice of the lawsuit, on August 4, 2022.

3.      This notice of removal is timely because it is filed prior to the expiration of thirty (30) days after FECU received Plaintiff's Original Petition, which conclusively demonstrates that the case is removable because Plaintiff invokes federal question jurisdiction.

4.      FECU attaches as Exhibit A an Index of the following documents that were filed in the state court action:

- The Docket Sheet;

- Plaintiff's Original Petition;

- Plaintiff's Request for Service/Citation on Defendant Equifax Information Services, LLC;

- Plaintiff's Request for Service/Citation on Defendant FECU;

- Issued Subpoena/Citation on Defendant Equifax Information Services, LLC; and,

- Issued Subpoena/Citation on FECU.

FECU also attaches its Certificate of Interested Parties as Exhibit B.

## VENUE

5.      The Northern District of Texas, Dallas Division, is the district and division where the state court suit was pending.

## NOTICE

6.      Written notice of the filing of this Notice of Removal is given to Plaintiff, by and through her counsel of record, and a copy of this notice will be filed with the Clerk of the 298th Judicial District Court of Dallas County, Texas.

7.      Defendant Equifax Information Services, LLC consents to removal, as indicated in the attached Exhibit C.

8.      Plaintiff demanded a trial by jury in state court.

NOTICE OF REMOVAL – Page 2

WHEREFORE, PREMISES CONSIDERED, Defendant First Entertainment Credit Union files this Notice of Removal, thereby removing the pending state court action to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

VASSAR, McCOWN, DEAR & SICOTTE, L.L.P.
15851 Dallas Parkway, Suite 525
Addison, Texas 75001
(972) 371-2411
Telecopier - (972) 371-2410

By:    /s/ *James M. McCown*
        James M. McCown
        State Bar No. 00788002
        jmccown@vmdslaw.com

ATTORNEYS FOR DEFENDANT FIRST
ENTERTAINMENT CREDIT UNION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's ECF system on August 26th, 2022.

        /s/ *James M. McCown*
        James M. McCown

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **LAJU OBASAJU,** | § | |
| | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **vs.** | § | |
| | § | |
| **FIRST ENTERTAINMENT CREDIT** | § | |
| **UNION and EQUIFAX** | § | |
| **INFORMATION SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF REMOVAL EXHIBITS

TO THE HONORABLE COURT:

Defendant First Entertainment Credit Union ("FEC") files this Index of each document on file in the state court proceeding.

| Date Filed | Document |
|---|---|
| - | Clerk's Docket Sheet |
| July 15, 2022 | Plaintiff's Original Petition |
| July 21, 2022 | Plaintiff's Request for Service/Citation on Defendant Equifax Information Services, LLC |
| July 21, 2022 | Plaintiff's Request for Service/Citation on Defendant FEC |
| July 21, 2022 | Issued Subpoena/Citation on Defendant Equifax Information Services, LLC |
| July 21, 2022 | Issued Subpoena/Citation on FEC |

EX. A

Respectfully submitted,


VASSAR, McCOWN, DEAR & SICOTTE, L.L.P.
15851 Dallas Parkway, Suite 525
Addison, Texas 75001
(972) 371-2411
Telecopier - (972) 371-2410

By:  ___/s/ *James M. McCown*_____
      James M. McCown
      State Bar No. 00788002
      jmccown@vmdslaw.com

ATTORNEYS FOR DEFENDANT FIRST
ENTERTAINMENT CREDIT UNION


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's ECF system on August 26th, 2022.


      _____/s/ *James M. McCown*_____
      James M. McCown

EX. A

## Case Information

DC-22-08139 | Laju Obasaju vs. First Entertainment Credit Union, et al

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-22-08139 | 298th District Court | TOBOLOWSKY, EMILY |
| File Date | Case Type | Case Status |
| 07/15/2022 | OTHER (CIVIL) | OPEN |

## Party

PLAINTIFF
Obasaju, Laju

Active Attorneys ▾
Lead Attorney
BELLINDER, THOMAS J
Retained

DEFENDANT
First Entertainment Credit Union

DEFENDANT
Equifax Information Services, LLC

## Events and Hearings

EX. A

07/15/2022 NEW CASE FILED (OCA) - CIVIL

07/15/2022 ORIGINAL PETITION ▾

ORIGINAL PETITION

07/21/2022 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

Comment
SIGN AND SEAL

07/21/2022 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

Comment
SIGN AND SEAL

07/21/2022 ISSUE SUBPOENA ▾

ISSUE SUBPOENA - EQUIFAX INFORMATION SERVICES LLC

07/21/2022 ISSUE SUBPOENA ▾

ISSUE SUBPOENA - FIRST ENTERTAINMENT CREDIT UNION

07/29/2022 SUBPOENA ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
EQUIFAX INFORMATION SERVICES LLC

07/29/2022 SUBPOENA ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
FIRST ENTERTAINMENT CREDIT UNION

EX. A

## Documents

ORIGINAL PETITION

REQUEST FOR SERVICE

REQUEST FOR SERVICE

ISSUE SUBPOENA - EQUIFAX INFORMATION SERVICES LLC

ISSUE SUBPOENA - FIRST ENTERTAINMENT CREDIT UNION

EX. A

FILED
7/15/2022 1:58 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Danitra Brown DEPUTY

Case 3:22-cv-01893-B     Document 1     Filed 08/26/22     Page 9 of 38     PageID 9
DC-22-08159

## CAUSE NO. __-_____-__

| | |
|---|---|
| LAJU OBASAJU,<br><br>                           Plaintiff,<br><br>  – against–<br><br>FIRST ENTERTAINMENT CREDIT UNION AND EQUIFAX INFORMATION SERVICES, LLC<br><br>                           Defendant(s). | IN THE DISTRICT COURT OF<br><br>DALLAS COUNTY,<br>TEXAS<br>298th<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Laju Obasaju (hereinafter "Plaintiff"), by and through attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against First Entertainment Credit Union ("First Entertainment") and Equifax Information Services, LLC ("Equifax"), (together, "Defendants"), hereby alleges:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

2. Discovery is intended to be conducted under Level 2 of Tex.R.Civ.P. 190.

1

EX. A

## PARTIES

3.  Plaintiff, Laju Obasaju, is an adult citizen of Texas.

4.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

5.  Defendant First Entertainment is a corporation that furnishes consumer credit information to consumer reporting agencies.

6.  Defendant Equifax is a corporation that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this matter pursuant to Article V, Section 8 of the Texas Constitution and all other statutes or Texas Constitutional provisions that vest authority and jurisdiction in district courts. This Court has jurisdiction over both the parties and the subject matter of this suit.

8.  This Court has personal jurisdiction over all the Defendants in the instant suit who reside or may be found in the State of Texas, or who have qualified to do business in the State of Texas and have appointed a registered agent to accept service of process. Additionally, the allegations which caused or contributed to the subject accident occurred within the confines of Bell County, Texas.

9.  The damages sought are within the jurisdictional limits of the Court.

10. Pursuant to Tex. Civ. Prac. & Rem. 15.001(a)(1) and (2), venue is proper because the present action has been instituted in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

2

**EX. A**

## FACTUAL ALLEGATIONS

11. Defendant First Entertainment issued a credit card account ending in 0600 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

12. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

13. On or about December 11, 2019, Plaintiff and Allied Collection Services Inc., on behalf of First Entertainment entered into a settlement agreement for the above referenced account. A recording of the settlement agreement is available upon request.

14. Pursuant to the terms of the settlement, Plaintiff was required to make one (1) lump sum payment totaling $1,697.00 to settle and close her First Entertainment account.

15. Plaintiff, via her debt settlement representative, timely made the requisite settlement payment. Proof of this payment is attached hereto as **Exhibit A**.

16. However, years later, Plaintiff's First Entertainment account continued to be negatively reported.

17. In particular, on a requested credit report dated May 19, 2022, Plaintiff's First Entertainment account was reported with a status of "Charge Off," a balance of

EX. A

$2,952.00, and a past due balance of $2,952.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit B.**

18. This trade line was inaccurately reported. As evidenced by the settlement agreement and the proof of payment, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

19. On or about May 19, 2022, Plaintiff, via her attorney at the time, notified Equifax directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's First Entertainment account. A redacted copy of this letter is attached hereto as **Exhibit C.**

20. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by First Entertainment to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

21. In June 2022, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's First Entertainment account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the June 2022 credit report is attached hereto as **Exhibit D.**

22. Equifax did not notify First Entertainment of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify First Entertainment and First Entertainment failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

23. If First Entertainment had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's First Entertainment account would have been updated to reflect a "settled" status with a balance of $0.00.

EX. A

24. Despite the fact that First Entertainment has promised through its subscriber agreements or contracts to accurately update accounts, First Entertainment has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

25. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

27. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

28. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

29. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

EX. A

30. First Entertainment is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

31. First Entertainment is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

32. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

33. First Entertainment failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

34. First Entertainment failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

35. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

36. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

37. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit,

EX. A

embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

38. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC**

<u>/s/ Thomas J. Bellinder</u>
Thomas J. Bellinder, Esquire (Bar No. 24098794)
180 Maiden Lane, 27th Floor
New York, NY 10038
(212) 226-5081
Thomas.B@gitmeidlaw.com
*Counsel for Plaintiff*

EX. A

# EXHIBIT A

EX. A



Date: 12/13/2019 | Amount: $1,697.00 | Account: 1881553075 | Check Number: 6227 | Sequence: 970690393

TO VERIFY AUTHENTICITY SEE REVERSE SIDE FOR DESCRIPTION OR THE II SECURITY FEATURES

Laju Obasaju

Draft No.  6227

12/12/2019

$1,697.00

***** One Thousand Six Hundred Ninety Seven Dollars ***********************************************

PAY TO THE ORDER OF:
Allied Collection Services of CA
9301 Oakdale Avenue
Suite #205
Chatsworth, CA 91311

This draft authorized by your depositor
**No Signature Required**

1033821-109

⑈"6227"⑈ ⑈111000753⑈ 1881553075"

EX. A

# EXHIBIT B

EX. A

Provided by Equifax

Report Date: May 19, 2022, 12:00 AM EDT





| Reported Names | Laju M Obasaju |
|---|---|
| DOB | |
| SSN | |
| Employment Info | |



EX. A



**EX. A**

# EXHIBIT C

EX. A



## LAW OFFICES OF
# ROBERT S. GITMEID & ASSOC., PLLC

May 19, 2022

**VIA CERTIFIED MAIL**

Transunion Consumer Solutions          Equifax Information Services, LLC
P.O. Box 2000                                      P.O. Box 105139
Chester, PA 19016                               Atlanta, GA 30348

Experian                                            Innovis Consumer Assistance
P.O. Box 4500                                     P.O. Box 1640
Allen, TX 75013                                   Pittsburgh, PA 15230

Re:              Laju Obasaju
Creditor:       First Entertainment Credit Union
Account No.:    Ending in 0600



Dear Sir and/or Madam,

Please be advised that the office was retained to represent Laju Obasaju with respect to her claims for violations under the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices.

On or about December 12, 2019, Ms. Obasaju, and Allied Collection Services Inc., on behalf of First Entertainment Credit Union ("First Entertainment") entered into a settlement agreement for the above referenced account. A recording of the settlement agreement is available upon request. Pursuant to the terms of the settlement, Ms. Obasaju was required to make one lump sum payment totaling $1,697.00 to settle and close her First Entertainment account. Ms. Obasaju, via her debt settlement representative, timely made the requisite settlement payment. Payment is attached herein for your review.

However, over two years later, Ms. Obasaju's account continues to be negatively reported. In particular, on a requested credit report dated May 19, 2022, Ms. Obasaju's account was reported with a status of "CHARGE OFF", a balance of $2,952.00, and a past due balance of $2,952.00. The relevant portion of Ms. Obasaju's credit report is attached herein for your review. The trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled in full and has a balance of $0.00.

Please take notice that this dispute is made pursuant to 15 U.S.C. § 1681i under the FCRA. Therefore, if this inaccuracy is not corrected within thirty (30) days, we will pursue further legal process on behalf of our client.

Thank you for your prompt attention to the important matter.

Very truly yours,

Allayah Chirinos
Paralegal
Law Offices of Robert S. Gitmeid
& Associates, PLLC.
Allayah.c@gitmeidlaw.com
(866) 249 1137

EX. A



Date: 12/13/2019 | Amount: $1,697.00 | Account: 1881553075 | Check Number: 6227 | Sequence: 970690393

TO VERIFY AUTHENTICITY SEE REVERSE SIDE FOR DESCRIPTION OF THEFT/SECURITY FEATURES

Laju Obasaju

Draft No. | 6227

12/12/2019

$1,697.00

***** One Thousand Six Hundred Ninety Seven Dollars ***********************************************

PAY TO THE ORDER OF:

Allied Collection Services of CA
9301 Oakdale Avenue
Suite #205
Chatsworth, CA 91311

This draft authorized by your depositor
**No Signature Required**

1033821-109

⑆6227⑆ ⑈111000753⑈ 1881553075⑈

EX. A

Provided by EQUIFAX

Report Date: May 19, 2022, 12:00 AM EDT



| Reported Names | Laju M Obasaju |
| --- | --- |
| DOB | |
| SSN | |
| Employment Info | |

EX. A



EX. A

# EXHIBIT D

EX. A

Report Date: June 28, 2022, 12:00 AM EDT



**Reported Names**                                      Laju M Obasaju

**DOB**

**SSN**

**Employment Info**

EX. A



EX. A

**IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS**

**LAJU OBASAJU**                                                              **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO.:** DC-22-08139
                                                                            _____

**FIRST ENTERTAINMENT CREDIT UNION AND**
**EQUIFAX INFORMATION SERVICES, LLC**                          **DEFENDANTS**

**CITATION**

THE STATE OF TEXAS
COUNTY OF DALLAS

TO:    Equifax Information Services, LLC
       1550 Peachtree St NW
       Atlanta, GA 30309

**NOTICE TO DEFENDANT**

**THE COMPLAINT ATTACHED TO THIS CITATION IS IMPORTANT AND**
**YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

        You are required to mail or hand-deliver a copy of your written response to the
Petition to Thomas J. Bellinder, attorney for the Plaintiff, whose address is 180 Maiden
Lane, 27th Floor, New York, NY 10038. You have been sued. You may employ an attorney.
If you or your attorney do not file a written answer with the clerk who issued this citation
by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you. This matter
was filed on _____.

        Issued under my hand and the seal of the Court, this the __ day of _____, 2022.

(Seal)                              DISTRICT COURT CLERK
                                    DALLAS COUNTY, TEXAS


                                    BY: _____ D.C.

**Counsel for Plaintiff:**
Thomas J. Bellinder (Texas Bar No. 24098794)
**Law Offices of Robert S. Gitmeid & Assoc., PLLC**
180 Maiden Lane, 27th Floor
New York, NY 10038
Tel: (212) 226-5081

**EX. A**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Thomas Bellinder on behalf of Thomas Bellinder
Bar No. 24098794
thomas.bellinder@bellinderlawfirm.com
Envelope ID: 66535662
Status as of 7/26/2022 3:03 PM CST
Associated Case Party: Laju Obasaju

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Thomas Bellinder | | thomas.bellinder@bellinderlawfirm.com | 7/21/2022 10:52:44 AM | SENT |

EX. A

**IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS**

**LAJU OBASAJU**                                      **PLAINTIFF**

DC-22-08139

**v.**                               **CIVIL ACTION NO.:** _____

**FIRST ENTERTAINMENT CREDIT UNION AND**
**EQUIFAX INFORMATION SERVICES, LLC**             **DEFENDANTS**

**CITATION**

THE STATE OF TEXAS
COUNTY OF DALLAS

TO:     First Entertainment Credit Union
         6735 Forest Lawn Drive
         Hollywood CA 90068

**NOTICE TO DEFENDANT**

**THE COMPLAINT ATTACHED TO THIS CITATION IS IMPORTANT AND**
**YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

       You are required to mail or hand-deliver a copy of your written response to the Petition to Thomas J. Bellinder, attorney for the Plaintiff, whose address is 180 Maiden Lane, 27th Floor, New York, NY 10038. You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. This matter was filed on _____.

       Issued under my hand and the seal of the Court, this the \_\_ day of _____, 2022.

(Seal)                       DISTRICT COURT CLERK
                              DALLAS COUNTY, TEXAS

                              BY: _____ D.C.

<u>**Counsel for Plaintiff**</u>:
Thomas J. Bellinder (Texas Bar No. 24098794)
**Law Offices of Robert S. Gitmeid & Assoc., PLLC**
180 Maiden Lane, 27th Floor
New York, NY 10038
Tel: (212) 226-5081

**EX. A**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Thomas Bellinder on behalf of Thomas Bellinder
Bar No. 24098794
thomas.bellinder@bellinderlawfirm.com
Envelope ID: 66535662
Status as of 7/26/2022 3:03 PM CST
Associated Case Party: Laju Obasaju

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Thomas Bellinder | | thomas.bellinder@bellinderlawfirm.com | 7/21/2022 10:52:44 AM | SENT |

EX. A

THIS PRODUCT IS NOT PREPARED
BY THE DALLAS COUNTY DISTRICT
CLERK'S OFFICE

ESERVE

DALLAS COUNTY
SERVICE FEES
NOT PAID

## IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS

**LAJU OBASAJU**                                                    **PLAINTIFF**

**v.**                                            CIVIL ACTION NO.: DC-22-08139 _____

**FIRST ENTERTAINMENT CREDIT UNION AND**
**EQUIFAX INFORMATION SERVICES, LLC**                      **DEFENDANTS**

### CITATION

THE STATE OF TEXAS
COUNTY OF DALLAS

TO:    Equifax Information Services, LLC
       1550 Peachtree St NW
       Atlanta, GA 30309

### NOTICE TO DEFENDANT

### THE COMPLAINT ATTACHED TO THIS CITATION IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of your written response to the Petition to Thomas J. Bellinder, attorney for the Plaintiff, whose address is 180 Maiden Lane, 27th Floor, New York, NY 10038. You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. This matter was filed on _____.

Issued under my hand and the seal of the Court, this the 29 day of ___JULY___, 2022.

(Seal)

FELICIA PITRE
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TX 75202-4606

DISTRICT COURT CLERK
DALLAS COUNTY, TEXAS

BY: _____ D.C.



**Counsel for Plaintiff:**
Thomas J. Bellinder (Texas Bar No. 24098794)
**Law Offices of Robert S. Gitmeid & Assoc., PLLC**
180 Maiden Lane, 27th Floor
New York, NY 10038
Tel: (212) 226-5081

EX. A

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Thomas Bellinder on behalf of Thomas Bellinder
Bar No. 24098794
thomas.bellinder@bellinderlawfirm.com
Envelope ID: 66535662
Status as of 7/26/2022 3:03 PM CST
Associated Case Party: Laju Obasaju

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thomas Bellinder | | thomas.bellinder@bellinderlawfirm.com | 7/21/2022 10:52:44 AM | SENT |

EX. A

THIS PROCESS NOT PREPARED
BY THE DALLAS COUNTY DISTRICT
CLERK'S OFFICE                        ESERVE

DALLAS COUNTY
SERVICE FEES
NOT PAID

## IN THE DISTRICT COURT OF DALLAS COUNTY, TEXAS

| | |
|---|---|
| **LAJU OBASAJU** | **PLAINTIFF** |
| | DC-22-08139 |
| **v.** | **CIVIL ACTION NO.:** _____ |
| | |
| **FIRST ENTERTAINMENT CREDIT UNION AND** | |
| **EQUIFAX INFORMATION SERVICES, LLC** | **DEFENDANTS** |

### CITATION

THE STATE OF TEXAS
COUNTY OF DALLAS

TO:    First Entertainment Credit Union
       6735 Forest Lawn Drive
       Hollywood CA 90068

### NOTICE TO DEFENDANT

**THE COMPLAINT ATTACHED TO THIS CITATION IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of your written response to the Petition to Thomas J. Bellinder, attorney for the Plaintiff, whose address is 180 Maiden Lane, 27th Floor, New York, NY 10038. You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. This matter was filed on _____.

Issued under my hand and the seal of the Court, this the 29 day of ___JULY___, 2022.

(Seal)    FELICIA PITRE          DISTRICT COURT CLERK
          DISTRICT CLERK         DALLAS COUNTY, TEXAS
          600 COMMERCE STREET
          DALLAS, TX 75202-4606
                                 BY: _____ D.C.

**Counsel for Plaintiff:**
Thomas J. Bellinder (Texas Bar No. 24098794)
**Law Offices of Robert S. Gitmeid & Assoc., PLLC**
180 Maiden Lane, 27th Floor
New York, NY 10038
Tel: (212) 226-5081

EX. A

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Thomas Bellinder on behalf of Thomas Bellinder
Bar No. 24098794
thomas.bellinder@bellinderlawfirm.com
Envelope ID: 66535662
Status as of 7/26/2022 3:03 PM CST
Associated Case Party: Laju Obasaju

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Thomas Bellinder | | thomas.bellinder@bellinderlawfirm.com | 7/21/2022 10:52:44 AM | SENT |

EX. A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAJU OBASAJU,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **vs.** | § | |
| | § | |
| **FIRST ENTERTAINMENT CREDIT** | § | |
| **UNION and EQUIFAX** | § | |
| **INFORMATION SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT FIRST ENTERTAINMENT CREDIT UNION'S**
**<u>CERTIFICATE OF INTERESTED PARTIES</u>**

Defendant First Entertainment Credit Union ("Defendant") submits its Certificate of Interested Parties pursuant to N.D. Tex. Civ. R. 81.2.  Other than the parties and their counsel, Defendant is not aware of any additional interested parties at this time.  Defendant will supplement if any additional interested parties are later learned.

Respectfully submitted,

VASSAR, McCOWN, DEAR & SICOTTE, L.L.P.
15851 Dallas Parkway, Suite 525
Addison, Texas 75001
(972) 371-2411
(972) 371-2410 – Telecopier

By:_____ */s/ Jim McCown*_____
  James M. McCown
  jmccown@vmdslaw.com
  State Bar No. 00788002

ATTORNEYS FOR DEFENDANT
FIRST ENTERTAINMEN CREDIT UNION

EX. B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAJU OBASAJU,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **vs.** | § | |
| | § | |
| **FIRST ENTERTAINMENT CREDIT** | § | |
| **UNION and EQUIFAX** | § | |
| **INFORMATION SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S CONSENT TO AND ACKNOWLEDGMENT OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE COURT:

Defendant Equifax Information Services, LLC submits this consent to removal under 28 U.S.C. §1446(b).

1.       Plaintiff filed her Original Petition in the state court suit, Cause No. DC-22-08139, filed in the 298th District Court of Dallas County, Texas.

3.       Defendant received a copy of the petition no earlier than August 4, 2022.

5.       Defendant Equifax Information Services, LLC consents to Defendant First Entertainment Credit Union's notice of removal, acknowledges the removal of the case to federal court, and expressly consents to removal of this action to federal court.

Respectfully submitted,

Equifax Information Services, LLC

By: _Christine Kapur_

Name: _Legal Counsel_

Title: _____

EX. C